CHRISTOPHER M. MCDERMOTT (CA SBN 253411)
STEFANIE A. SCHIFF (CA SBN 265382)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for RESIDENTIAL FUNDING COMPANY, LLC FKA RESIDENTIAL FUNDING CORPORATION

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| In re | Case No. 1:10-bk-11644-MT |
|---|---|
| MATIAS TACEN LORENZO AND ROSALINDA CONCE, | Chapter 13 |
| Debtors. | **CONDITIONAL NON-OPPOSITION TO DEBTOR'S MOTION TO VALUE COLLATERAL** |

RESIDENTIAL FUNDING COMPANY, LLC FKA RESIDENTIAL FUNDING CORPORATION ("Creditor") as a secured creditor of the above-captioned bankruptcy estate, herby submits its conditional non-opposition to Matias Tacen Lorenzo and Rosalinda Conce's ("Debtors") Motion to Value Collateral ("Motion") based on the following:

A.   On or about February 15, 2010, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court, Central District of California - San Fernando Valley Division and was assigned Case No. 1:10-bk-11644-MT.

B.   On or about January 13, 2006, Debtor, for valuable consideration, made, executed and delivered to First Magnus Financial Corporation, An Arizona Corporation a Note in the principal sum of $139,000.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments commencing March 1, 2006, and continuing until February 1, 2021, when all outstanding amounts are due and payable. The Note provides that, in the event of

- 1 -

1  default, the holder of the Note has the option of declaring all unpaid sums immediately due and
2  payable. A true and correct copy of the Note is attached to the Declaration in Support of Motion for
3  Relief From Automatic Stay as exhibit A and incorporated herein by reference.

4      C.    On or about January 13, 2006, the Debtor made, executed and delivered to First
5  Magnus Financial Corporation, An Arizona Corporation a Deed of Trust (the "Deed of Trust")
6  granting First Magnus Financial Corporation, An Arizona Corporation a security interest in real
7  property commonly described as 1146 Coventry Drive, Thousand Oaks, California 91360 (the "Real
8  Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that
9  attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the
10 outstanding balance under the Note. The Deed of Trust was recorded on January 30, 2006, in the
11 Official Records of Ventura County, State of California. A true and correct copy of the Deed of
12 Trust is attached to the Declaration in Support of Motion for Relief from Automatic Stay as
13 exhibit B and incorporated herein by reference.

14     D.    Subsequently, Lender's beneficial interest in the Note and the Deed of Trust was
15 sold, assigned and transferred to Respondent. A true and correct copy of the Corporation
16 Assignment of Deed of Trust evidencing the Assignment of the Note and Deed of Trust to
17 Respondent is attached to the Declaration in Support of Motion for Relief from Automatic Stay as
18 exhibit C and incorporated herein by reference.

19     E.    On or about March 20, 2010, Debtors filed a Motion to Avoid Property Lien praying
20 that the court find the Creditor's Second Deed of Trust encumbering the Subject Property be
21 avoided and that its claim be paid as unsecured.

22 **CREDITOR DOES NOT OPPOSE DEBTORS' MOTION TO VALUE COLLATERAL ON**
23 **THE CONDITION THAT THE FOLLOWING PROVISIONS ARE INCLUDED IN THE**
24 **ORDER:**

25     1.    Creditor's claim shall be allowed as a non-priority general unsecured claim. Creditor
26 shall file a Proof of Claim listing its claim as unsecured to be paid in accordance with the Debtors'
27 Plan;
28 /././

2. The avoidance of Creditor's Second Deed of Trust is contingent upon the Debtors' completion of their Chapter 13 plan and the Debtors' receipt of a Chapter 13 discharge;

3. Upon receipt of the Debtors' Chapter 13 discharge and completion of their Chapter 13 Plan, this Order may be recorded by the Debtor in the Count Recorder's Office in which the real property is located;

4. Creditor shall retain its lien for the full amount due under the Subject Loan in the event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code;

5. In the event that the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes Creditor's Second Deed of Trust prior to the Debtors' completion of their Chapter 13 Plan and receipt of a Chapter 13 discharge, Creditor's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the Subject Loan balance at the time of the sale; and

6. Each party shall bear their own attorneys' fees and costs incurred regarding Debtors' Motion to Value Collateral.

/s/ Stefanie A. Schiff (CA SBN 265382)
STEFANIE A. SCHIFF
Attorneys for RESIDENTIAL FUNDING COMPANY, LLC FKA RESIDENTIAL FUNDING CORPORATION

| In re: | CHAPTER 13 |
|---|---|
| MATIAS TACEN LORENZO AND ROSALINDA CONCE Debtor(s), and ELIZABETH (SV) F ROJAS, Chapter 13 Trustee | CASE NUMBER 1:10-BK-11644-MT |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

The foregoing document described CONDITIONAL NON-OPPOSITION TO DEBTOR'S MOTION TO VALUE COLLATERAL will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 12, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On April 12, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Honorable Maureen Tighe
U.S. Bankruptcy Court
21041 Burbank Blvd., Suite 325
Woodland Hills, CA 91367-6606

Leroy Bishop Austin
3250 Wilshire Blvd Ste 1500
Los Angeles, CA 90010-1502

Matias Tacen Lorenzo
Rosalinda Conce
1146 Coventry Drive
Thousand Oaks, CA 91360

Elizabeth (SV) F Rojas
Noble Professional Center
15060 Ventura Blvd., Suite 240
Sherman Oaks, CA 91403

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 12, 2010 | Michael W. Leewright | /s/ MICHAEL W. LEEWRIGHT |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                F 9013-3.1